UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 23-10074-FDS

UNITED STATES OF AMERICA

v.

JEAN MOROSE VILIENA

### ORDER ON GOVERNMENT'S MOTIONS FOR DETENTION

April 11, 2023

Boal, M.J.

Defendant Jean Morose Viliena is charged in an indictment with fraud and misuse of visas, permits, and other documents in violation of 18 U.S.C. § 1546(a).  An initial appearance was held on March 22, 2023, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(2)(A) (serious risk of flight) and 3142(f)(2)(B) (serious risk of obstruction of justice).  See also Docket Nos. 8, 17.

I held a detention hearing on March 31, 2023, at which the parties proceeded by proffer. Defense counsel introduced two exhibits into evidence.[1]  After careful consideration of the evidence, the parties' arguments at the hearing, the government's motions for detention, and a Pretrial Services Report recommending release, I order the defendant detained pending trial.

---

[1] The government attached two exhibits to its initial motion for detention and two additional exhibits to its supplemental motion.  See Docket Nos. 8-1, 8-2, 17-1, 17-2.  One of these exhibits is a 2015 Request for Precautionary Measures Against the Republic of Haiti relating to alleged violent acts by Viliena and others.  Docket No. 17-2.  While the rules concerning the admissibility of evidence do not apply at a detention hearing, see 18 U.S.C. § 3142(f)(2), this Court will not consider that report given, among other things, the multiple levels of hearsay contained therein.

1

I.      ANALYSIS

    A.      **The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). A defendant may also be detained pursuant to § 3142(f)(2)(B) if there is clear and convincing evidence of a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten or intimidate a prospective witness. United States v. Acevedo-Ramos, 755 F.2d 203, 208 (1st Cir. 1985); see also United States v. Dinunzio, No. CRIM. 08-10094-WGY, 2008 WL 2148754, at *1 (D. Mass. May 20, 2008). If there is some risk, the court should consider whether a combination of release conditions "will serve as a reasonable guard." Patriarca, 948 F.2d at 791.

If an individual is (1) likely to be a material witness against a defendant on the federal charges pending against him; and (2) if there is a serious risk that the defendant will intimidate or attempt to intimidate that individual if released, the statute authorizes detention, provided that no condition or combination of conditions would reasonably assure the individual's safety. United States v. Ploof, 851 F.2d 7, 11 (1st Cir. 1988). Similarly, if a court concludes from a defendant's prior behavior that there is a serious risk that defendant, if released, would attempt to intimidate or injure other potential witnesses, assuming the evidence supports that conclusion, detention is authorized pursuant to 18 U.S.C. §§ 3142(e) and (f)(2)(B). Id.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the

weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release.  18 U.S.C. § 3142(g).  Each of these factors must be weighed, and the decision on whether to release is an individualized one.  Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).

### B. Nature Of The Offense

The government alleges that Viliena lied on his visa application in order to gain unlawful entry into the United States.  Specifically, the government alleges that from 2006 to 2008, Viliena, as Mayor of Les Irois in Haiti, supervised and perpetrated directly various acts of armed political violence against Haitian citizens, resulting in injuries up to and including death.  On June 3, 2008, Viliena submitted a United States visa application form in which he confirmed that he had not "ordered, carried out or materially assisted in extrajudicial and political killings and other acts of violence against the Haitian people."  Docket No. 1 at 3.  Viliena's application was approved, and he subsequently became a lawful permanent resident of the United States.

### C. Defendant's History And Characteristics

Viliena, age 50, was born in Haiti.  In 2008, Viliena moved to Malden, Massachusetts, where he has lived ever since.  For the four years preceding his arrest, Viliena worked fifty to sixty hours per week as a delivery driver for a food company.

Viliena does not have a criminal record in the United States.  He was arrested in Haiti in

connection with the violent acts alleged in the Indictment between 2006 and 2008, but he was ultimately acquitted.

### D. Risk Of Flight

Viliena is a lawful permanent resident of the United States and also has a Haitian passport. He has traveled to the Dominican Republic and Canada.

Viliena's ex-wife and their twelve-year-old son live in Malden, Massachusetts. Viliena maintains a relationship with his son. Viliena's mother and father reside in Haiti, and he has regular contact with them. Viliena's three siblings live in Haiti and Florida.

### E. Obstruction

In 2017, a civil lawsuit was filed in the United States District Court for the District of Massachusetts against Viliena relating to his alleged acts of violence against Haitians between 2006 and 2008. See Boniface et al v. Viliena, Docket No. 1:17-cv-10477-ADB.[2] The plaintiffs in the civil case are also expected to testify in the trial for this case. Docket No. 8 ¶ 9. Indeed, the government has submitted declarations from one of the plaintiffs in support of its motion(s) for detention.

During the pendency of the civil suit, plaintiffs filed motions for, and Judge Burroughs issued, four separate protective orders. In August 2019, Judge Burroughs found that the plaintiffs "reasonably fear for their safety and are concerned about retaliation by" Viliena and ordered him not to have contact with the plaintiffs, their families, or the witnesses identified in the plaintiffs' initial disclosures. Civil Docket No. 80 at 1-2.

In March 2020, Judge Burroughs did not allow Viliena to attend the depositions of

---

[2] Citations to "Civil Docket No. ___" are to docket entries in Boniface et al v. Viliena, 1:17-cv-10477-ADB.

plaintiffs' witnesses in person. Civil Docket No. 106. In addition, she ordered that the depositions could proceed at an undisclosed location in Haiti, with defense counsel attending by videoconference and with Viliena "neither audible nor visible to the deponent." Id. Judge Burroughs further wrote that the protective order was "consistent with the Court's existing protective order" and was "necessary to protect Plaintiffs' witnesses due to reasonable fear for their safety." Id.

In December 2022, Judge Burroughs again found that the plaintiffs reasonably feared for their safety and the safety of witnesses who might testify at the civil trial. Civil Docket No. 180. She wrote that "[t]heir fears are based on past dealings with [Viliena] as well as threats made against them during a recent meeting that was purportedly convened by [Viliena]'s brother, Faria Viliena." Id. Viliena was therefore barred from taking direct or indirect action "designed to intimidate, harass, or physically harm Plaintiffs, their families, or any potential witnesses who may testify at the trial in this matter or the families of those witnesses . . . ." Id.

As recently as March 20, 2023, Judge Burroughs issued yet another protective order finding that the plaintiffs reasonably feared for their safety and that of family members and trial witnesses. Docket No. 247. She found that their fears were

> reasonably based on their past dealings with [Viliena]; [Viliena]'s posting of a Haitian battle song on [his] Facebook page on March 18, 2023, containing descriptions of violent acts; in-person threats against the son of trial witness Franckel Isme threatening Mr. Isme and all trial witnesses upon their return to Haiti; in-person threats against the wife of trial witness Vilfranc Larrieux threatening to respond after the verdict issues; and threatening text messages sent to the sister-in-law of trial witness Osephita Lebon featuring a machine gun captioned "how you would have died."

Id. at 1. Judge Burroughs once again ordered Viliena not to "engage in any actions, either directly or indirectly, designed to intimidate, harass, or physically harm Plaintiffs, or any witnesses who testified at the trial in this matter, or any family members of Plaintiffs or the trial

witnesses." Id. at 2.

On March 21, 2023, in the civil case, a jury found Viliena liable for the following: (1) the extrajudicial killing of one person; (2) the attempted extrajudicial killing of two people; and (3) the torture of two people. Civil Docket No. 250 at 2. The jury awarded plaintiffs $11 million in punitive damages. See id. at 4.

### F.  Assessment Of All Factors

Viliena proposes to be released on conditions, including travel and social media restrictions. However, after carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, this Court finds that the government has met its burden regarding detention.

On four separate occasions, Judge Burroughs found good cause to enter protective orders directed at Viliena's conduct with respect to witnesses. Some of the same witnesses are potential participants in the instant case. In addition, Viliena has maintained ties to Haiti and faces a significant civil judgment in this country.

In light of the above, I find the government has established (1) by a preponderance of the evidence that there is a serious risk of flight, and (2) by clear and convincing evidence that there is a serious risk of witness intimidation and/or obstruction of justice. I further find that no condition or combination of conditions will reasonably assure the safety of the community.

## ORDER OF DETENTION

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Jean Morose Viliena be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or

serving sentences or being held in custody pending appeal;

(2) Jean Morose Viliena be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Jean Morose Viliena is detained and confined deliver her to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

   /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge