UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 23-10074-FDS |
| | ) | |
| JEAN MOROSE VILIENA | ) | |

**GOVERNMENT'S MOTION TO PRECLUDE DEFENDANT FROM OPENING ON THE FIVE THOUSAND MEN OR ACTS OF VIOLENCE BY THE GOVERNMENT'S WITNESSES**

The United States of America, by its undersigned attorneys, respectfully submits this motion to preclude the defendant, in his opening statement, from referring to The Five Thousand Men, a purported violent gang, and any acts of violence committed by the government's witnesses until such time as the Court has ruled on the admissibility of such evidence. As the government has argued, any such testimony by the defendant's witnesses lacks personal knowledge, contains numerous levels of inadmissible hearsay, and would unduly prejudice the government's case from the outset with no recourse for the government to right the ship.

The government has moved to preclude defendant's witnesses from testifying at the trial in this matter as their testimony is replete with hearsay upon hearsay, irrelevant and highly prejudicial information, and inadmissible character evidence. The Court has not yet ruled on the admissibility of the testimony from the defendant's seven witnesses and has suggested it may not do so until sometime during the trial and, only then, after a voir dire outside the presence of the jury.

The defendant should not be permitted to mention the Five Thousand Men or any acts of violence on the part of the government's witnesses without a ruling from the Court. To allow defendant to mention this evidence in his opening statement only to later preclude such evidence

would be highly prejudicial to the government.   The bell cannot be unrung once this type of prejudicial testimony is before the jury and should be precluded.   Therefore, the government requests that the Court order that the defendant not be permitted to refer to any evidence that would include the Five Thousand Men or violence on the part of the government's witnesses until the Court rules on its admissibility.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ Laura J. Kaplan
Laura J. Kaplan
Assistant U.S. Attorney
(617) 748-3100

ANTOINETTE T. BACON
Supervisory Official
Department of Justice, Criminal Division

Alexandra Skinnion
Trial Attorney
Department of Justice
Human Rights & Special Prosecutions Section

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date below, this document was served on counsel for the defendants by electronic mail.

/s/ Laura J. Kaplan
LAURA J. KAPLAN
Assistant U.S. Attorney

Dated: February 28, 2025