UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 23-10074-FDS |
| | ) | |
| JEAN MOROSE VILIENA | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR EXPERT DISCOVERY AND, IF NECESSARY, FOR DAUBERT HEARING**

The United States of America, by its undersigned attorneys, respectfully submits this opposition to defendant's motion for expert discovery (Dkt. #181) and, if necessary, for Daubert Hearing. A Daubert hearing is unwarranted because the expert testimony at issue meets the requirements of Federal Rule of Evidence 702 and is sufficiently reliable without the need for a pretrial hearing. The government has provided expert discovery and outlined in detail the relevance and opinion of its expert in the Government's Notice of Expert Witness (Dkt. # 100) and Opposition to Defendant's Motion Opposing the Government's Expert Testimony (Dkt. #134). Defendant's motion for a Daubert hearing should be denied.

The proposed expert witness will be properly qualified, and his expected testimony is admissible. Under R. 702, a qualified expert may testify when it is more likely than not that (a) the expert's knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. Fed. R. 702. The government's proposed expert witness testimony meets all prescribed criteria.

Mr. Concannon's testimony will be reliable, as it will draw on his own research and experience and on the types of sources usually consulted by historical experts (news media,

books and scholarly articles, reports of non-governmental organizations, and his own research), to understand the information and place it in the proper context. A "historian's method consist[ing] of gathering multiple sources, including original and secondary sources to reach conclusions about historical facts" is reliable." *Kantengwa*, 781 F.3d at 562 (quoting *United States v. Paracha*, 2006 WL 12768, \*20-21 (S.D.N.Y. Jan. 3, 2006) (internal quotations omitted).

A Daubert hearing is not necessary to conclude that Brian Concannon may testify.  A court need not hold a Daubert hearing prior to admitting expert testimony, so long as the court makes a determination that the testimony is relevant and reliable. *See Kumho Tire Co.,* 526 U.S. at 152–53. Where expert testimony does not involve any new scientific theory, technical background, or any novel area of expertise, a District Court can properly admit it at trial without holding a Daubert hearing. *See id*. at 152 (a hearing is unnecessary "where the reliability of an expert's methods is properly taken for granted"); *see also United States v. Pena*, 586 F.3d 105, 111 n.4 (1st Cir. 2009) (holding that a "district court does not abuse its discretion by dispensing with a Daubert hearing if no novel challenge is raised"); *United States v. Diaz,* 300 F.3d 66, 74 (1st Cir. 2002) (same).

Moreover, defendant has failed to articulate which of the four Daubert factors is in dispute and his Daubert challenge amounts to a mere disagreement with the expert's conclusions, not an actual attack on the reliability of the methodology.  Courts have held that such disagreements go to the weight of the evidence, not admissibility.  *See United States v. Williams,* 506 F.3d 151, 161 (2d. Cir. 2007) ("Challenges to the strength of an expert's conclusions…should be explored on cross-examination rather than through exclusion.")

Considering both the government's expert disclosure (Dkt. #100) and the arguments set forth in the Government's Opposition to Defendant's Motion to Preclude the Expert, this Court has

ample bases to conclude, without holding a hearing, that Brian Concannon's testimony is

relevant, reliable, and will assist the jury in understanding the evidence in this case; that Mr.

Concannon is qualified to provide this testimony; and that the testimony is admissible under the

Federal Rules of Evidence. *See Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 249 (6th

Cir. 2001) (affirming that under *Kumho*, a district court need not hold hearing where parties'

briefing and record evidence provides "an adequate basis from which to determine the reliability

and validity of the experts' opinions").

  For the foregoing reasons, the government respectfully requests that the Court deny

defendant's motion for a Daubert hearing and allow the expert testimony to proceed, subject to

cross-examination at trial.

       Respectfully submitted,

       LEAH B. FOLEY
       United States Attorney


       */s/ Laura J. Kaplan*
       Laura J. Kaplan
       Assistant U.S. Attorney
       (617) 748-3100

    By:  MATTHEW GALEOTTI
       Supervisory Official
       Department of Justice, Criminal Division

       */s/ Alexandra Skinnion*
       Alexandra Skinnion
       Trial Attorney
       Department of Justice
       Human Rights & Special Prosecutions Section

## CERTIFICATE OF SERVICE

I hereby certify that, on the date below, this document was served on counsel for the defendants by electronic mail.


*/s/ Laura J. Kaplan*

Laura J. Kaplan

Assistant U.S. Attorney


Dated: March 14, 2025