UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )    Crim. No. 23-10074-FDS |
| | ) |
| JEAN MOROSE VILIENA | ) |

**GOVERNMENT'S NOTICE OF AUTHORITY ON THE UNANIMITY REQUIREMENT**

The United States of America, by its undersigned attorneys, respectfully submits this n to notice to inform the Court of relevant legal authority on the unanimity requirement in the immigration fraud context.

The jury need not be unanimous on one or both acts of violence alleged in the indictment. As long as jurors all agree that the defendant engaged in an act of violence, that is sufficient. Like many crimes, evidence of the commission of the crime can come from various discrete acts of the defendant. *See United States v. Reeder*, 170 F.3d 93, 105 (1st Cir. 1999) ("While a jury must agree on all of the elements of an offense, it need not agree on the means by which all the elements were accomplished."); *see also McKoy v. N. Carolina*, 494 U.S. 433, 449 (1990) ("different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict.")

The Sixth Circuit has a pattern jury instruction on this matter, which is often used in visa and naturalization fraud cases, *e.g.*, *United States v. Abebe*, 21-CR-213-WMR (N.D. Ga. 2023), where the government alleges multiple facts that gave rise to the fraud:

> (1) One more point about the requirement that your verdict must be unanimous. Count _____ of the indictment accuses the defendant of committing the crime of in more than one possible way. The first is that he _____. The second is that he _____.
> (2) The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.

*See* Sixth Circuit Pattern Criminal Instruction 8.03B.

This instruction is rooted in Supreme Court case law which instructs that "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." *See Richardson v. United States*, 526 U.S. 813, 817 (1999).

Although the First Circuit does not have an analogous pattern instruction, the Circuit's case law applies this rule. *See United States v. Ackell*, 907 F.3d 67, 79 (2018) ("if a jury is confronted with divergent factual theories in support of the same ultimate issue, courts generally have held that the unanimity requirement is met as long as the jurors are in agreement on the ultimate issue even though they may not be unanimous as to the precise theory"). This holds true in the false statement context. *See, e.g.*, *United States v. Kehoe,* 562 F.2d 65, 69 (1st Cir.1977) (holding that when two false statements were alleged in one count, court correctly instructed that government satisfied its burden as long as it proved beyond a reasonable doubt that defendant knowingly answered at least one of the questions falsely).

Accordingly, the government requests an instruction like the one below, which tracks the Sixth Circuit Pattern Instruction:

> The government does not have to prove all the acts of violence for you to return a guilty verdict on these charges. Proof beyond a reasonable doubt that the defendant made a false statement on his

visa application with regard to any alleged act of violence is enough. In order to return a guilty verdict, all twelve of you must agree that the evidence has proved that the defendant made a false statement with respect to at least one act of violence; however, you do not all need to agree that it was the same act of violence.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

MATTHEW GALEOTTI
Head of the Justice Department's Criminal Division

By:  /s/ Alexandra Skinnion
Alexandra Skinnion
Trial Attorney
(202) 878-9371

Laura J. Kaplan
Assistant U.S. Attorney
(617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that, on the date below, this document was served on counsel for the defendants by electronic mail.

/s/ Alexandra Skinnion
ALEXANDRA SKINNION
Trial Attorney

Dated: March 27, 2025